**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Edwin A. Calderon, | No. CV 11-0969-RCB-ECV |
| Plaintiff, | **ORDER** |
| vs. |  |
| B. Stolc, et al., |  |
| Defendants. |  |

Plaintiff Edwin A. Calderon, who is confined in the Red Rock Correctional Center (RRCC), a Corrections Corporation of America (CCA) facility in Eloy, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. (Doc. 1, 2.) The Court will order Defendant Miner to answer Count I of the Complaint and will dismiss the remaining claims and Defendants without prejudice.

**I.    Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

. . .

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

## III. Complaint

Plaintiff alleges one count each for excessive use of force, retaliation, and deprivation of property in violation of due process. Plaintiff sues the following RRCC employees: Warden B. Stolc and Sergeant D. Miner. Plaintiff seeks injunctive and compensatory relief.

Plaintiff alleges the following facts: On December 22, 2010, he was placed in a confined shower. Defendant Miner then ordered the other officers out and pepper-sprayed Plaintiff in the face and referred to Plaintiff wanting to "hit" his officers. (Doc. 1 at 3.) Following that incident or treatment of Plaintiff's eyes, Plaintiff was brought to an office for questioning by Chief Booker and Lieutenant Valdez. Before they arrived, however, Miner entered the office and told Plaintiff that he had caused Miner to suffer flashbacks of Iraq. Miner began making threatening gestures that caused Plaintiff to flinch. As Booker and Valdez entered the office, Miner left calling Plaintiff names. At some point while Miner was escorting Plaintiff, Miner kicked off Plaintiff's shoes, which were left on a walk way. Plaintiff never received his shoes back.

## IV. Failure to State a Claim

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). In addition, to state a valid constitutional claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

### A. Warden Stolc

Plaintiff sues Warden Stolc. While Stolc may be sued, Plaintiff fails to state a claim against him. To state a claim against a defendant, a "plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). For an individual

to be liable in his official capacity, a plaintiff must allege that the official acted as a result of a policy, practice, or custom or that the official promulgated a policy, practice or custom resulting in the violation. See Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001). Further, there is no *respondeat superior* liability under § 1983, so a defendant's position as the supervisor of someone who allegedly violated a plaintiff's constitutional rights does not make him liable. Monell v. Dep't of Soc.Servs., 436 U.S. 658, 691 (1978); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor in his individual capacity, "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045.

Plaintiff fails to allege any facts against Warden Stolc. Plaintiff fails to allege facts to support that Stolc directly violated Plaintiff's constitutional rights. He also fails to allege facts to establish that Stolc promulgated or endorsed a policy, custom, or practice resulting in a violation of Plaintiff's rights. Accordingly, Stolc will be dismissed as a Defendant.

**B.     Count II**

Plaintiff designates Count II as a claim for retaliation. To state a claim for retaliation, a plaintiff must allege the following five basic elements: (1) that a state actor took some adverse action against the inmate (2) because of (3) that prisoner's protected conduct and that such action (4) chilled the inmate's exercise of his First Amendment rights (or that the inmate suffered more than minimal harm) and (5) was not narrowly tailored to advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567-58 (9th Cir. 2005); see also Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985). An objective standard applies to whether an inmate's exercise of First Amendment rights were chilled so that a plaintiff need not allege that the exercise of his constitutional rights were actually inhibited or suppressed but only that the adverse actions would "chill or silence a person of ordinary firmness from future First Amendment

activities." Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009) (citing Rhodes, 408 F.3d at 568-69).

In Count II, Plaintiff alleges that after he was taken to the office for questioning, Defendant Miner entered the office and verbally threatened him and gestured threateningly to make Plaintiff "flinch." As an initial matter, verbal harassment or abuse, alone, is insufficient to state a violation of a constitutional right under § 1983. Oltarzewski v. Ruggiero, 830 F. 2d 136, 139 (9th Cir. 1987); see Corales v. Bennett, 567 F.3d 554 (9th Cir. 2009) (citing Gaut v. Sunn, 810 F.2d 923 (9th Cir. 1987)) (verbal threats alone do not create a cause of action under § 1983 nor are they "prohibited by the Constitution" because they are not "equivalent to doing the act itself."). Plaintiff thus fails to state a claim for retaliation based upon Miner's verbal threats. Plaintiff otherwise fails to state a claim for retaliation because he does not allege that Miner took adverse action against him in retaliation for Plaintiff's exercise of a constitutionally-protected conduct. Plaintiff only alleges that Miner made him flinch by making intimidating gestures. Absent more, that is not sufficient to state a claim for retaliation and Count II will be dismissed.

### C.   Count III

Plaintiff designates Count III as a Fourteenth Amendment due process claim for deprivation of property without due process after Miner kicked Plaintiff's shoes off and left them in a walkway and the shoes were never returned. Due process claims related to prisoner property commonly arise when property is taken or destroyed by random and unauthorized conduct of a prison official without an opportunity for the prison to provide meaningful pre-deprivation due process. Under Supreme Court doctrine in Parratt v. Taylor, 451 U.S. 527, 537 (1981), and Hudson v. Palmer, 468 U.S. 517, 530-36 (1984), neither unauthorized intentional nor negligent deprivations of property give rise to a due process claim so long as the State provides an adequate post-deprivation remedy. Thus, the availability of an adequate state post-deprivation remedy, such as a state tort action, for unauthorized deprivations

precludes a claim for violation of due process. King v. Massarweh, 782 F.2d 825, 826 (9th Cir. 1986).

The availability of a common-law tort suit against a private prison employee constitutes an adequate post-deprivation remedy. Hudson, 468 U.S. at 534-35. Plaintiff has an available post-deprivation remedy under state law via an action for conversion. See Howland v. State, 818 P.2d 1169, 1172-73 (Ariz. Ct. App. 1991) (prison officials' confiscation of and failure to return prisoner's personal property states a state law claim for conversion)[1]; see also Wright v. Riveland, 219 F.3d 905, 918 (9th Cir. 2000) (prisoners in Washington have adequate post-deprivation remedies to challenge deductions from inmate accounts by utilizing the prison grievance procedure or by filing a state tort action). Because Plaintiff has an available state law remedy, he cannot state a due process claim for the deprivation of property. Accordingly, Count III will be dismissed for failure to state a claim.

## V. Claim for Which an Answer Will be Required

In Count I, Plaintiff alleges an Eighth Amendment claim for use of excessive force by Defendant Miner. Plaintiff alleges that on December 22, 2010, Plaintiff was placed in a confined shower. Defendant Miner then ordered the other officers out and pepper-sprayed Plaintiff in the face and referred to Plaintiff wanting to "hit" his officers. (Doc. 1 at 3.) The pepper spray caused Plaintiff serious eye injury. Plaintiff sufficiently states a claim for

---

[1] Arizona Revised Statute 31-201.01(L) does not preclude Plaintiff from seeking relief for conversion because he sues private prison employees. Section 31-201.01(L) provides that:
> A person who is convicted of a felony offense and who is incarcerated while awaiting sentence or while serving a sentence imposed by a court of law may not bring a cause of action seeking damages or equitable relief from the state or its political subdivisions, agencies, officers or employees for injuries suffered while in the custody of the state or its political subdivisions or agencies unless the complaint alleges specific facts from which the court may conclude that the plaintiff suffered serious physical injury or the claim is authorized by a federal statute.

excessive use of force in Count I and Defendant Miner will be required to respond to that Count.

## VI. Warnings

### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* is **granted**. (Doc. 2.)

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3) Counts II and III and Defendant Stolc are **dismissed** without prejudice.

(4) Defendant Miner must answer Count I.  (Doc. 1.)

(5) The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. 1), this Order, and both summons and request for waiver forms for Defendant D. Miner.

(6) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(7) The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(8) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendants must include a copy of this Order.  **The Marshal must immediately file signed waivers of service of the summons.  If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

(a) personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and

must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(9) **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(10) Defendant must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(11) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(11) This matter is referred to Magistrate Judge Edward C Voss pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 15th day of June, 2011.

Robert C. Broomfield
Senior United States District Judge

- 9 -